# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22-CR-387-JFH |
| | ) | |
| RODNEY JOE SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is Defendant Rodney Joe Smith's Motion for Return of Property ("Motion") (ECF No. 53), which was referred to the undersigned for disposition (ECF No. 57). Pursuant to Federal Rule of Criminal Procedure 41(g), Defendant seeks the return of two iPhones, two computers, and seven zip drives ("Devices"). For reasons explained below, the Motion (ECF No. 53) is construed as a civil complaint and DISMISSED without prejudice for lack of subject matter jurisdiction.

## I.    Factual Record and Parties' Arguments

Pursuant to Rule 41(g), the court "must receive evidence on any factual issue necessary to decide the motion." Fed. R. Crim. P. 41(g). The following facts are undisputed and supported by record evidence.[1] On September 18, 2022, Glenpool Police Department officers, who were cross deputized with the Muscogee (Creek) Lighthorse Police ("MCLP"), arrested Defendant for the crime of stalking. The officers searched Defendant's vehicle and seized the Devices. MCLP

---

[1] On April 4, 2024, the Court ordered the United States to support its original response brief with record evidence. ECF No. 58. The United States filed an amended response, attaching the affidavit of Anthony Carachilo and a Glenpool Police Department incident report. ECF No. 59. The Court permitted Defendant to respond with any evidence he wished to present, but Defendant declined to do so. ECF No. 60.

sought and received a tribal search warrant to search some of the Devices.  On September 20, 2022, tribal charges were filed against Defendant in the Muscogee Creek Nation ("MCN").

On October 20, 2022, a federal Complaint was filed against Defendant for the federal crime of stalking.  On November 21, 2022, Defendant was indicted for stalking and evidence tampering.  ECF No. 14.  The evidence tampering allegations were based on Defendant's attempt to have a Verizon Wireless employee "wipe" some of the Devices.  *Id.*  On December 9, 2022, Defendant pled guilty in federal court to both counts.  On January 16, 2023, the tribal prosecution was dismissed.  On April 27, 2023, Defendant was sentenced to three years on each count, to run concurrently.  On September 5, 2023, the Tenth Circuit dismissed his direct appeal.  ECF No. 52.

On September 13, 2023, Defendant filed the instant Motion.  In the Motion, Defendant states that Verizon Wireless initiated a civil suit against him "for the recovery of the products that are being held in this case."  ECF No. 53 at 2.  Defendant further contends that Verizon Wireless "has charged [him] an exorbitant amount of money because of the actions of the Government."  *Id.*  Defendant requests return of the Devices "so as to quiet the lawsuit."  *Id.*

According to Agent Carachilo, the federal case agent, the FBI is not "holding any physical evidence related to this investigation of prosecution."  ECF No. 59-1.  Agent Carachilo "reviewed pictures and reports regarding the evidence seized by Glenpool PD" but "never took any of that evidence into federal custody."  ECF No. 59-1.  He also "never sought a search warrant" for any of the Devices.

## II.    Legal Standards

Rule 41(g) provides an equitable remedy for an aggrieved person to seek the return of property in a criminal proceeding:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return.  The motion must be

> filed in the district where the property was seized.  The court must receive evidence on any factual issue necessary to decide the motion.  If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

After a criminal proceeding is concluded, courts generally treat a Rule 41(g) motion as a civil complaint.  *See United States v. Clark*, 84 F.3d 378, 381 (10th Cir. 1996) (explaining that, once criminal proceedings are complete, district court should treat a Rule 41(g) motion to return property as a civil complaint for equitable relief); *United States v. Brown*, No. 04CR0158 SEH, 2007 WL 1087613, at *1 (N.D. Okla. Apr. 9, 2007) (same).  This equitable remedy is available to a defendant "only if he can show irreparable harm and an inadequate remedy at law."  *United States v. Clymore*, 164 F.3d 569, 571 (10th Cir. 1999).  If state or tribal avenues of relief are available to a defendant, he "cannot show an inadequate remedy at law."  *Id.*; *United States v. Copeman*, 458 F.3d 1070, 1073 (10th Cir. 2006).

When property is seized by state or tribal officials, a movant can invoke Rule 41(g) only in limited circumstances: (1) actual federal possession of the property; (2) constructive federal possession of the property; or (3) where state officials seized the property at the direction of federal authorities.  *Clymore*, 164 F.3d at 571.  If none of these three exceptions apply, a federal court lacks subject matter jurisdiction over the motion, and the motion is subject to dismissal with prejudice.  *See Copeman*, 458 F.3d at 1072-73 (affirming district court's dismissal of motion with prejudice where circuit court found United States was not in actual or constructive possession of the property); *United States v. Downs*, 22 F. App'x 961, 963 (10th Cir. 2001) ("Because Downs has failed to show that the United States has actual or constructive possession of his property, there is no federal jurisdiction over Downs' [Rule 41(g)] motion [to return property]."); *Brown*, 2007 WL 1087613, at *2 (converting motion to return property to civil complaint and dismissing for lack of subject matter jurisdiction).

### III.    Analysis

The Court finds: (1) Defendant has not established any of the three exceptions that would permit him to invoke Rule 41(g) for the return of property seized by state or tribal officials; and (2) Defendant has avenues of relief in state or tribal court.  Therefore, the Motion shall be dismissed for lack of subject matter jurisdiction.  *See Copeman*, 458 F.3d at 1072 (explaining that "either ground would suffice for denial of the motion" but addressing both arguments).

### A.    Devices Were Seized by State/Tribal Officials, and No Exceptions Apply

The Devices were seized by members of the Glenpool Police Department, who were cross-deputized as MCLP.  Because the Devices were not seized by federal officials, Rule 41(g) can be invoked only if Defendant shows one of three limited exceptions.

#### 1.    Actual Possession

Federal authorities are not in actual possession of the Devices, and this exception does not apply.

#### 2.    Federal Direction of Seizure

There is no indication that federal authorities were involved in Defendant's arrest for stalking, or that federal officials directed seizure of the Devices at the time of arrest.  This exception does not apply.

#### 3.    Constructive Possession

Tenth Circuit law is somewhat unclear regarding the proper inquiry to determine whether federal officials have constructive possession of state-seized property.  In *Copeman*, the Tenth Circuit used the following language to describe the inquiry: (1) whether the property "*is being held for potential use as evidence in a federal prosecution*," *see Copeman* (interpreting *Clymore*); and (2) whether the property "'*was considered evidence* in the federal prosecution,'" *see Copeman*,

4

458 F.3d at 1071 (quoting *Clymore*, 164 F.3d at 571). The former is framed in the present tense, and the latter is framed in the past tense. Most courts within the Tenth Circuit apply a present-tense inquiry of whether the property "is being held for potential use" in a federal prosecution. *See United States v. Rhoiney*, No. 02-40014-01-RDR, 2006 WL 3533095, at *2 (D. Kan. Dec. 7, 2006) (explaining tension but holding that "*Copeman* characterizes the *Clymore* holding as requiring a present potential for use as evidence in a federal prosecution" and that it was "bound to follow the Tenth Circuit's interpretation of its own cases"); *United States v. Rowlette*, No. 13-20125-13-JAR, 2016 WL 7014022, at *2 (D. Kan. Dec. 1, 2016) (applying "is being held" test); *United States v. Walker*, No. 08-20152, 2009 WL 4508566, at *2 (D. Kan. Nov. 23, 2009) (same); *Brown*, 2007 WL 1087613, at *1-2 (same). *But see United States v. Watson*, No. 04-CR-182-TCK, 2011 WL 3241357, at *1 (N.D. Okla. July 28, 2011) (inquiring as to whether items "were considered evidence" in the underlying federal prosecution).

The Court need not resolve this tension, because Defendant cannot satisfy either inquiry. The Devices are not being held by state or tribal officials for a present potential use as evidence in a federal prosecution. Defendant pled guilty, was sentenced, and the Tenth Circuit denied his direct appeal. Although Defendant has filed a *pro se* motion pursuant to 28 U.S.C. § 2255, this is not sufficient to create a "reasonable potentiality" that the Devices will be used as evidence in a subsequent federal prosecution. *See Rhoiney*, 2006 WL 3533095, at *2 (holding that "chance that a new trial might be granted on the basis of an unfiled § 2255 motion does not create a reasonable potentiality that the property will be used as evidence"). *Cf. Rowlette*, 2016 WL 7014022, at *2 (finding property was in constructive possession of United States where property was being analyzed by federal officials during pending prosecution, but denying motion because government was entitled to retain legally seized evidence until conclusion of criminal case).

Assuming the proper inquiry is whether the Devices "[were] considered evidence" in the federal prosecution, that language comes from *Clymore*.  Such language must be read in conjunction with other language in *Clymore* indicating there must be "extensive federal possession or control" to "make [Rule 41(g)] the appropriate vehicle by which to recover" the property. *See Clymore*, 164 F.3d at 571.  Here, the Devices had some evidentiary value in the federal prosecution, but the Court does not find extensive federal possession or control.  First, federal officials did not do any search or analysis of the Devices and never took custody of them during the prosecution.  Second, Defendant pled guilty and absolved the United States of the requirement to present evidence.  Therefore, the Devices were never used in any meaningful evidentiary sense in the federal prosecution. *See Brown*, 2007 WL 1087613, at *1-2 (finding United States not in constructive possession of property, where defendant pled guilty and federal officials never took custody of property); *Salazar-Mercado v. United States*, No. 1:13CV335, 2014 WL 4782628, at *3 (M.D.N.C. Sept. 24, 2014) (same).  Finally, the Devices were not being held exclusively for federal authorities.  This case involved parallel pending federal and tribal proceedings, and the tribal proceeding was not dismissed until Defendant pled guilty to the federal charges.  As the United States argues, this counsels against a finding that the Devices were held "for federal authorities" for purposes of a constructive possession analysis.  In sum, Rule 41(g) is not the proper vehicle for recovery of the Devices, because federal officials never had extensive possession or control of them.

**B.      Defendant Has Other State or Tribal Avenues of Relief**

Defendant has not shown that he informally requested return of the Devices from the Glenpool Police Department or the MCN.  Nor has Defendant shown that he filed any formal actions requesting relief in state court or tribal court.  Because there are "avenues for relief"

available from the seizing entity or entities, Defendant also has not shown that he has an inadequate remedy at law. *See Clymore*, 164 F.3d at 571.

## IV.     Conclusion

The Motion (ECF No. 53) is converted to a civil complaint and DISMISSED without prejudice for lack of subject matter jurisdiction.

Because Defendant faces a civil lawsuit against Verizon Wireless relating to the Devices, the United States is ordered to: (1) prepare a supplemental affidavit stating what entity is in possession of the Devices; (2) serve that supplemental affidavit on Defendant; and (3) file the supplemental affidavit and proof of service no later than two weeks from the date of this Order. The Court will take no further action on this issue, other than requiring the filing of the affidavit.

**SO ORDERED** this 15th day of May, 2024.

_____
JODI F. JAYNE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

7